NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

REBECCA RAMADAN YOUNIS, *Appellant*.

No. 1 CA-CR 24-0599

FILED 07-20-2026

Appeal from the Superior Court in Maricopa County
No. CR2022-135979-002
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Bain & Lauritano PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey joined.

---

**K I L E Y**, Judge:

¶1  Rebecca Ramadan Younis appeals her convictions and sentences for two counts of aggravated assault with a deadly weapon. Counsel for Younis filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying there are no arguable questions of law and asking the court to search the record for reversible error. Younis was given an opportunity to file a supplemental brief *in propria persona* but has not done so. The Court has reviewed the record and affirms Younis's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2  We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Younis. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3  One night in September 2022, Younis was "drinking and partying" at a hookah bar with friends when they decided to go to a different bar. They all got into Akuepir Peter's car, with Peter in the driver's seat, Younis in the front passenger seat, and four others, including N.T. and T.M., in the back seat. While driving to the bar, Peter began swerving from one side of the road to another while waving a handgun. Concerned that Peter was "driving crazy[,]" N.T. told him to "watch [his] driving." As N.T. later recalled, Younis responded by telling N.T. to "shut the 'F' up[.]" Younis and N.T. argued, and then Peter pulled over. Younis got out of the front passenger seat and told N.T. "to get out the car [*sic*] and fight her." N.T. replied that she "[didn't] want to fight." She nonetheless got out of the car because, she later explained, she "realized" she was no longer welcome.

¶4  Once N.T. got out of the car, Younis "hit" her, and they "fought." Eventually they stopped, and N.T. and T.M. moved away from the others. Hearing a gunshot, N.T. turned and saw Younis holding Peter's gun. At Peter's urging, Younis fired it again. This time, a bullet struck one of N.T.'s thighs, passed through, and lodged in her other thigh. Feeling

"warm blood trickling down [her] leg," N.T. got back into the car and asked Peter to take her to a hospital. Peter refused and demanded that she get out of the car. N.T. complied. Peter and Younis then got back in the car and drove away. Meanwhile, a neighbor who heard the gunshots called 9-1-1. First responders arrived and took N.T. to a hospital. Medical personnel were unable to remove the bullet, and it remains in her leg.

¶5        Investigating officers never recovered the gun.

¶6        Younis and Peter were each charged with two counts of aggravated assault with a deadly weapon, a class 3 felony and dangerous offense, *see* A.R.S. §§ 13-704, -1203, -1204, based on the two shots that Younis fired at N.T. Younis was also charged with one count of disorderly conduct, a class 6 felony and dangerous offense, based on her conduct in "disturb[ing] [T.M.'s] peace by recklessly handling, displaying, or discharging a firearm," *see* A.R.S. §§ 13-704, -2904.

¶7        Younis did not move for a severance, and so she and Peter were jointly tried before a twelve-person jury. At trial, N.T. testified about the events described above. T.M. did not appear or testify.

¶8        After the State rested its case-in-chief, Younis moved for a judgment of acquittal on all counts under Arizona Rule of Criminal Procedure 20. The superior court granted Younis's motion for a directed verdict on the disorderly conduct count, accepting her argument that the State had failed to prove that T.M.'s peace was disturbed as required by A.R.S. § 13-2904(A). The court denied the motion as to the remaining counts.

¶9        Younis testified on her own behalf, denying that she ever shot N.T. and offering an account of the relevant events far different from N.T.'s. Younis testified, for example, that N.T. had been "acting erratic [*sic*]" that night because she had used cocaine, and that after the group left the hookah bar, Peter insisted on taking N.T. home. N.T. became "upset[,]" Younis stated, and she began "swinging at Peter" as he was driving. Peter pulled the car over and everyone got out. According to Younis, N.T. then hit her, causing Younis to run away from the scene. She denied seeing a gun, or hearing any gunshots, at any time that night.

¶10        The jury found Younis and Peter guilty on both aggravated assault counts.

¶11        At sentencing, the superior court sentenced Younis to concurrent, minimum terms of five years for each count, with credit for 215

days of presentence incarceration. The court also imposed certain fees and assessments and retained jurisdiction over restitution.

¶12      Younis timely appealed. The court has jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶13      We review Younis's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. Younis was represented by counsel at all stages of the proceedings, and the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The jury was properly composed and instructed. The evidence presented at trial was sufficient to support the jury's verdicts. The sentences imposed were within the statutory guidelines, with proper credit given for presentence incarceration. The Court declines to order further briefing and affirms Younis's convictions and sentences.

## CONCLUSION

¶14      For the foregoing reasons, we affirm.

¶15      Upon the filing of this decision, defense counsel shall inform Younis of the status of the appeal and her future options. Counsel has no further obligation unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Younis shall have thirty days from the date of this decision to file a motion for reconsideration *in propria persona*, if she chooses to do so. *See* Ariz. R. Crim. P. 31.3(e) (authorizing appellate court to modify deadlines for good cause); Ariz. R. Crim. P. 31.20(c) (allowing fifteen days to move for reconsideration unless court extends the deadline). Younis may petition the Arizona Supreme Court for review no later than thirty days after the date of this decision or, if Younis timely moves for reconsideration, no later than fifteen days after the motion for reconsideration is decided. *See* Ariz. R. Crim. P. 31.21(b)(2)(A).

